IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 3:16-CR-129-TWP-HBG |
| | ) | 3:11-CR-67-TWP-HBG |
| DENNIS W. ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on August 9, 2018, for a motion hearing, following a referral from District Judge Thomas W. Phillips of two oral motions made during the sentencing hearing in these two cases.[1] *See* 28 U.S.C. § 636(b). Assistant United States Attorney Cynthia F. Davidson appeared to represent the Government. Assistant Federal Defender Bobby E. Hutson, Jr., appeared with Defendant Dennis W. Ross, who was also present.

The Court appointed [Doc. 9] Mr. Hutson and the Federal Defenders Services of Eastern Tennessee ("FDS") to represent Defendant Ross at his initial appearance in case number 3:16-CR-129 on November 29, 2016. At that time, the Court also arraigned Defendant Ross on an Amended Petition for Warrant for Offender under Supervision in a separate federal criminal case [Case No. 3:11-CR-67, Doc. 28]. The Court also appointed [Case No. 3:11-CR-67, Doc. 31] Mr. Hutson and FDS were to represent the Defendant in this matter. On August 8, 2018, the Defendant appeared before Judge Phillips for a sentencing hearing on these two cases, at which

---

[1] All citations are to the record in case number 3:16-CR-129, unless stated otherwise.

1

time he made an oral motion for new counsel.  Also at the sentencing hearing, Mr. Hutson made an oral motion to withdraw as counsel of record for Defendant Ross.

At the August 9 motion hearing before the undersigned, Mr. Hutson related that he had represented Defendant Ross for nearly two years, that he and the Defendant had discussed their planned approach at sentencing at length, and that he thought that they agreed on how to proceed at sentencing.  Mr. Hutson stated that during the Defendant's allocution at the sentencing hearing, he realized that he and the Defendant were on "separate paths," as far as their approach to sentencing.  Mr. Hutson related that at the sentencing hearing, the Defendant said that he wanted a new attorney and wanted to object to portions of the Presentence Report.  Mr. Hutson stated his belief that the Defendant would benefit from having another attorney review his case.  Mr. Hutson also said that he believes the attorney-client relationship is irretrievably broken.  AUSA Davidson stated that the Government takes no position on the Defendant's request for new counsel.

The Court conducted a sealed, *ex parte* hearing with the Defendant and Mr. Hutson in order to learn the nature and the extent of the problems with the attorney client relationship.  Based upon Mr. Hutson's statements and the confidential representations by the Defendant during the sealed portion of the hearing, the Court finds that good cause exists to appoint new counsel for the Defendant.  The Court finds that the communication and trust between the Defendant and counsel has deteriorated such that Mr. Hutson is no longer able to represent the Defendant effectively.  Moreover, the Court finds that the loss of trust and break in communication is beyond repair.  Accordingly, the Court finds the request for substitution of counsel to be well taken under the circumstances.  Based upon good cause shown, Mr. Hutson's oral motion to withdraw from representation of Defendant Ross is **GRANTED**, and Mr. Hutson and FDS are relieved as counsel

for the Defendant. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Defendant's *pro se* motion, essentially seeking the same relief, is **DENIED as moot**.

The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. At the August 10 hearing, Attorney R. Deno Cole appeared and agreed to accept representation of the Defendant. Defendant Ross had no objection to the appointment of Mr. Cole. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Cole as counsel of record for Defendant Ross, in both case number 3:16-CR-129 and case number 3:11-CR-67, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. In so doing, the Court admonishes the Defendant that the Court will entertain a request for yet another attorney only in the most extraordinary of circumstances. The Supreme Court has firmly established that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983). The Defendant is encouraged to make every effort to work with Mr. Cole through the remainder of this case. Mr. Hutson turned over the file containing the discovery to Mr. Cole at the end of the motion hearing. The Court instructed counsel to contact Deputy Clerk Jason Huffaker to reschedule the sentencing hearing.

Accordingly, it is **ORDERED**:

(1) Assistant Federal Defender Bobby E. Hutson, Jr.'s oral motion to withdraw as counsel of record is **GRANTED**. The Defendant's *pro se* motion seeking the same relief is **DENIED as moot**. Mr. Hutson and FDS are **RELIEVED** of their representation of the Defendant;

(2) Attorney R. Deno Cole is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record in both cases under the CJA; and

(3) Counsel for both parties are **DIRECTED** to contact the deputy clerk to reschedule the sentencing hearing.

**IT IS SO ORDERED.**

        ENTER:

        _____
        United States Magistrate Judge